|  |  |  |
|---|---|---|
| **RONALD EDWARD DEESE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **O R D E R** |
| | ) | |
| **THEODIS BECK, Secretary of the** | ) | |
| **Department of Correction,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

     **THIS MATTER** is before the Court on Petitioner's Petitioner for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, (Doc. No. 1), Respondent's "Motion for Summary Dismissal Judgment and Answer to Petition for Writ of Habeas Corpus" (Doc. No. 5) and Petitioner's "Respond to the Respondents Answer/Motion to Dismiss, and the Court's Order. (Doc. No. 8.) For the reasons stated herein, the Court will dismiss Petitioner's Petition for Writ of Habeas Corpus and Grant Respondent's Motion for Summary Judgment.

     A review of the record reveals that on October 22, 1997 Petitioner pled guilty to second-degree rape, second-degree sexual offense and second-degree kidnapping and was sentenced by the Honorable Marcus L. Johnson to a consolidated judgment of 80-105 months imprisonment for the rape and sexual offense and a consecutive term of 23-29 months for the kidnapping offense in cases 96CRS 42249-50. Petitioner did not file an appeal. On or about July 22, 2003 the Department of Correction discovered an error in Petitioner's maximum sentence of 29 months for the kidnapping offense and as a result an amended judgment correcting this error was

entered on September 9, 2003.[1]

Petitioner states that he wrote Judge Johnson a letter on April 7, 2004 complaining that his sentence was not in accord with his plea bargain. Petitioner states that he filed a pro se motion for appropriate relief ("MAR") on August 9, 2004 in the Superior Court of Mecklenburg County.[2] Petitioner dated a second MAR November 22, 2004 and filed it in the Superior Court of Mecklenburg County on November 30, 2004. Judge Robert P. Johnston summarily denied both MAR's by order dated January 10, 2005. Petitioner dated a pro se certiorari petition February 11, 2005 and filed it in the North Carolina Court of Appeals on March 7, 2005. Certiorari was denied on March 30, 2005. Petitioner dated the instant motion "May 2005" and filed it in this Court on May 31, 2005.

## ANALYSIS

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented for filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The mandatory maximum sentence is 37 months and not 29 months. See N.C.G.S. § 15A-1340.17(e).

[2] According to the Attorney's General's Office, this MAR could not be located in the clerk's files.

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, because pled guilty and did not appeal, his case became final for purposes of direct review at the latest 10 days after he pled guilty and his original judgments were entered, which was October 22, 1997.  See N.C.R. of App. P., Rule 4(a) (10 days to serve notice of appeal, amended effective October 31, 2001 to allow 14 days).  Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) then began to run and fully expired 365 days later in November 1998.

Given the above calculations, Petitioner's Petition is approximately six and one-half years late and must be dismissed.  Furthermore, none of Petitioner's motions/petition filed after the one-year limitations period had already run could serve to toll his limitations period under 28 U.S.C. § 2244(d)(2).  This is because subsequently filed motions/petitions do not breathe new life into an already expired one year period of limitation.  See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief is not tolled from one-year period of limitations); Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998) ("Under the plain language of the statute [§ 2244(d)(2)], any time that passed between the time that Flanagan's conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation.").  Additionally, the fact that an error was discovered by

the Department of Correction in Petitioner's kidnapping sentence and corrected by an amended

judgment on September 9, 2003 does not toll under section 2244(d)(2) or restart the clock

because the correction did not result from a legal challenge and did not affect the underlying

validity of the original conviction and judgment. Cf., Walkowiak v. Haines, 272 F.3d 234 (4th

Cir. 2001) (prisoner's motion for sentence reduction did not entail a legal challenge to the

original sentence and therefore did not toll one-year period of limitation under section

2244(d)(1)).

> Petitioner argues that his habeas petition should be deemed timely filed because;
>
> The MAR was filed in Superior Court within a year. The NC Court of Appeals denied certiorari review. The statutory provisions are fro direct appeals from convictions The statute [s] do not apply to collateral attack, post conviction's on state court convictions, where the Petitioner only learned of the matter of the plea being broken in April, May 2004. The state created the problem by breaking the plea deal. The Petitioner do[es] not know which provision applies.

Petition at 14.

None of these assertions warrant tolling of the one-year period of limitations. In United States v.

Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while § 2255's limitation period

is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. Id. at 688.

It is reserved for those situations where it would be unconscionable to enforce the limitations

period and if enforced, gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th

Cir. 2000). In order to be entitled to equitable tolling, an otherwise time-barred petitioner must

present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct,

(3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4h Cir.

2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "Typically, these

'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to

enforce the limitation period against the party.'" <u>Prescott</u>, 221 F.3d at 688, <u>citing</u> <u>Harris v.</u>
<u>Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000).

Here, Petitioner's MAR's were both filed several years after the one year limitation
period had already expired. Also, as discussed above, the amended judgment filed in this case to
correct an error in the maximum sentence of Petitioner's kidnapping charge did not toll or restart
the clock. Finally, petitioner's assertion that he only learned his plea bargain was broken in
"April, May 2004" after he served 103 months does not warrant tolling. Petitioner was sentenced
in open court on October 22, 1997, with counsel present, to 80-105 months and 23-29 months
imprisonment. <u>See</u> Copies of original judgment and commitment forms attached to Motion for
Summary Judgment. Thus the record shows that petitioner either knew or should have known of
both the minimum and maximum sentences imposed since the time of his guilty plea and
convictions on October 22, 1997 and could have raised the present ground for relief at any time
thereafter. In short, Petitioner's Petition is untimely pursuant to 28 U.S.C. § 2244 and Petitioner
has not articulated any basis for equitable tolling. Therefore Petitioner's Petition must be
dismissed as it is untimely under the AEDPA.

## <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for
Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED**.

Signed: November 5, 2007

Graham C. Mullen
United States District Judge